# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA VALDOSTA DIVISION

**UNITED STATES OF AMERICA**

v.

**ALBERT BARNES, III**

Case No.: **1:22-mj-00037-TQL-1**

## DEFENDANT'S REQUEST FOR DISCOVERY

Pursuant to the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law, defendant, ***ALBERT BARNES, III*** by undersigned counsel, hereby requests the government to produce the following items, to the extent they may exist, for inspection and use in connection with the preparation, and/or trial, and/or sentencing in the above-captioned case:

**All discovery addressed in the Court's Standard Pretrial Order, whether filed or not at the time of this motion, including:**

1. Any relevant written or recorded statements made or adopted by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand

jury which relates to the offense charged. You shall also disclose the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial. *See* Fed. R. Crim. Proc. 16(a)(1)(A)and(B); and Fed. R. Crim. Proc. 12(b)(4).

2. A copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government. *See* Fed. R. Crim. Proc. 16(a)(1)(D); and Fed. R. Crim. Proc. 12(b)(4) .

3. Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government, and which are related to the above referenced case, or are intended for use by the government as evidence at trial, or were obtained from or belong to the defendant.  Any and all items obtained by the government as a result of surveillance, search and seizure of defendant and any co-defendant or co-conspirator.  *See generally Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny*; and* Fed. R. Crim. Proc. 16(a)(1)(E).

4. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government, and which are related to the above referenced case or are intended for use by the government as evidence at trial. You are also hereby specifically requested to preserve for testing by the defendant any and all substances or other material capable of being tested by

scientific means whether or not such substances were tested by the government. You shall make said items available for inspection, copy, photograph or other memorialization by the defense. *See* Fed. R. Crim. Proc. 16(a)(1)(F) and Fed. R. Crim. Proc. 12(b)(4). .

5. A complete written summary of testimony to be presented by any government witness called as an expert witness including the witness' opinions, the basis and the reasons therefore, and his/her qualifications. The results or reports of any physical or mental examination and of scientific test or experiment. *See* Fed. R. Crim. P. 16(a)(1)(G).

6. All evidence favorable to the defendant which is material either to the issue of guilt or punishment in the above referenced case or which serves to impeach a government witness who will testify at trial. *See generally Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; *Giglio v. United States* 405 U.S. 150 (1972), and its progeny; *Kyle v. Whitley,* 514 U.S. 419 (1995), and its progeny. This request includes, but is not limited to:

> A. The existence of any witness known to the government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government.
>
> B. Any statements made or adopted by any individual (including co-defendants) (whether they be written, recorded or the substance of oral statements) within the custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, which exculpate or do not mention the defendant.

C. Any and all evidence showing any bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any witness the government intends to call to testify at trial in the above referenced case.

D. The results of any lie detector tests given to the defendant or witnesses the government intends to call to testify at trial in the above referenced case.

E. Any promises, rewards, agreements, understandings and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the government intends to call to testify at trial in the above referenced case.

F. Presentence investigation reports, if any, relating to any witness the government intends to call to testify at trial in the above- referenced case.

G. Any and all evidence about which the government is now aware, or about which the government may become aware by the exercise of due diligence that might indicate, however remotely, that another individual committed the offense(s) for which the defendant now stands accused. This includes all evidence which the government believes indicates that another individual committed the offense(s) in connection with the defendant.

H. Names and addresses of eyewitnesses to the offense(s) for which the defendant now stands accused whose identity is now known, or by the exercise of due diligence may become known to the government.

I. Information regarding any indecisive, incomplete or hesitant identification of the defendant by any witness to the offense(s) for which the defendant now stands accused (regardless of whether the government intends to call that witness to testify at trial). (Based on the complexity of this case, Defendant's specifically request disclosure of material pursuant to 18 U.S.C. § 3500 (Jenks) material thirty days prior to trial).

J. Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the government anticipates it will present at trial or sentencing in the above referenced case.

K. Any and all differences between information provided to the government by a cooperating witness and information provided to the government in a proffer made by that witness's attorney. *See Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968).

L. A copy of original interview notes, materials, memorandums and other like memorialized information prepared by federal, state or local government agents in connection with the investigation and preparation of this case. *See United States of America v. Nabors*, 707 F.2d 1294 (11th Cir. 1983).

M. A list of government witnesses. The breadth of this case makes a list of government witnesses necessary and diminishes the need for recess pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. Proc. 26.2. *See United States of America v. Colson*, 662 F.2d 1389 (11th Cir. 1981).

N. A list of charts, summaries or calculations the government intends to use during its case in chief. The complexity of this case gives rise to the need for advanced notice of exhibits. Early disclosure could assist with efforts to stipulate and avoid delay during trial. *See* Fed. R. Crim. Proc. 16(a), Fed. R. Crim. Evid.1006.

7. Copies of any statements made or adopted by any alleged co-conspirator, co-defendant or agent of the defendant regardless of whether the government intends to introduce these statements at trial. *See United States v. Nabrit*, 554 F.2d 247 (5th Cir. 1977).

8. The identity of any informant connected to the above referenced case who was a percipient witness to or participated in the alleged defense. *See Roviaro v. United States*, 353 U.S. 53 (1957). The defendant also requests information regarding the present address of said informant; any prior criminal record of said informant; any bias, narcotic habit, psychiatric treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered or any threats of criminal prosecution made to said informant.

9. Any statements made or adopted by witnesses which the government intends to call to testify at any hearing (including grand jury and sentencing hearings) connected with the above referenced case, or notes made by said witnesses within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government. *See* 18 U.S.C. §3500; Fed. R. Crim. Proc. 26.2 and 12(b)(4). If such statement is subject to production under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; *Giglio v. United States* 405 U.S. 150 (1972), and its progeny; *Kyle v. Whitley,* 514 U.S. 419

(1995), and its progeny, the produce in accordance with paragraph 6(B) of this discovery request supra. This includes any statements made by a government witness while he or she was incarcerated in the course of telephone conversations with government agents *or* others that were tape recorded by the institution in which the witness was incarcerated. *See United States v. Ramirez,* 174 F.3d 584 (5th Cir. 1999).

10. The nature of any and all evidence the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b), a description of each such item of such purported evidence and a statement of the government's theory of admissibility with respect to all such evidence.

11. Facts and circumstances of the offense and offense characteristics that are relevant to the application of the Sentencing Guidelines. *See* U.S.S.G. §6B1.2, Commentary.

Defendant hereby specifically requests immediate production of <u>all</u> items he is entitled to review as provided by the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law. If those sources require production of items not specifically requested herein, a request for these items is now specifically made. Furthermore, this request is a continuing request; if the government discovers additional evidence or material responsive to any of the above requests subsequent to the government's initial production, the government shall promptly and without delay provide the defendant with the additional evidence or material. <u>See</u> Fed. R. Crim. Proc. 16(c).

In the event that the government fails to produce all, or any part, of the evidence or materials herein requested, the defendant reserves the right to oppose the introduction of such

evidence or materials at any hearing in the above referenced case and/or move for dismissal of the indictment against the defendant. *See* Fed. R. Crim. Proc. 16(d)(2).

Defendant reserves the right to file additional and supplemental motions once evidence is disclosed, if the indictment is superseded, if additional evidence or information is discovered and in the interest of justice.

Respectfully submitted,

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Attorney for Defendant

Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr Blvd
Suite 400
Macon, Georgia 31201
Tel:  (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org

## **CERTIFICATE OF SERVICE**

I, Timothy R. Saviello, hereby certify that on June 15, 2022, I electronically filed the *Defendant's Request for Discovery* with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820

Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr Blvd
Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org
